Judge Strickland appeals from the judgment of the Court of the Judiciary. The opinion and judgment of the Court of the Judiciary are set out as follows:
"The Court finds that Judge James T. Strickland knowingly claimed and was paid for travel expenses to which he was not entitled.
"While Circuit Judge, and after attending official meetings of Alabama Law Enforcement Planning Administration boards and committees, James T. Strickland intentionally submitted expense vouchers or expense statements which falsely represented that his method of travel to and from the meetings had been by private vehicle instead of government vehicle, when in fact he traveled by government vehicle, and he thereby obtained mileage expense payments to which he was not entitled. The meetings, expense vouchers or statements, and payments, averred separately and severally, are more particularly described as follows:
"An expense voucher dated October 15, 1975, for an October 8, 1975 meeting in Guntersville, involving $90.00 mileage expense payment.
"An expense statement dated September 29, 1977, for a September 27-28, 1977 meeting in Huntsville, involving $112.50 mileage expense payment.
"An expense statement dated May 12, 1978, for a May 9-10 meeting in Prattville, involving $58.50 mileage expense statement.
"An expense statement dated June 29, 1978, for a June 27-28, 1978 meeting in Dothan, involving $61.80 mileage expense payment.
"James T. Strickland, a circuit judge of the Thirteenth Judicial Circuit of Alabama, while serving in that capacity:
"1. Failed to observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, as required by Canon 1 of the Alabama Canons of Judicial Ethics.
"2. Failed to avoid impropriety and the appearance of impropriety in all his activities, as required by Canon 2 of the Alabama Canons of Judicial Ethics.
"3. Failed to respect and comply with the law, as required by Canon 2 of the Alabama Canons of Judicial Ethics. *Page 1203 
"4. Failed to conduct himself at all times in a manner that promotes public confidence in the integrity of the judiciary, as required by Canon 2 (A) of the Alabama Canons of Judicial Ethics.
"5. Failed to avoid conduct prejudicial to the administration of justice which brings the judicial office into disrepute, as required by Canon 2 (B) of the Alabama Canons of Judicial Ethics.
"Under all of the facts and circumstances, the Court finds that a proper sanction in this matter is suspension of Judge Strickland from office as circuit judge for a period of six months without pay.
"It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that Judge James T. Strickland knowingly committed the acts found above and he is hereby suspended from office as circuit judge, without pay, for a period of six months, said suspension without pay to commence this day.
"DONE this the 8th day of November, 1979."
The appellant raises the following issues on appeal:
(1) Whether the court erred in denying Judge Strickland's Rule 12 (b)(6) motion to dismiss the complaint; (2) whether the court erred in denying Judge Strickland's motion for judgment on the pleadings; (3) whether the court erred in denying Judge Strickland's Rule 41 (b) motions to dismiss; (4) whether the court erred in overruling Judge Strickland's objection to the admissibility of his deposition as substantive evidence; and (5) whether the Judicial Inquiry Commission proved any of the allegations against Judge Strickland by clear and convincing evidence.
We have examined the record and the arguments and find no error in the judgment entered by the Court of the Judiciary; therefore, it is due to be affirmed.
AFFIRMED.
JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and BLOODWORTH and FAULKNER, JJ., not sitting.